Mr. Justice Richardson
delivered the opinion of the-court:
Two questions are presented by the demurrer :
1st. Whether partnership property may be' attached for the individual debt of one of several copartners ?
2nd. Whether such property can be so attached after the partnership has been dissolved, and a receiver appointed to get in and dispose of the assets, &c. ?
The attachment act of 1744, renders the “ monies, goods, debts and books ofaccompts” of absent debtors liable to he attached ; and it is not supposed that the monies, &c. which an absent debtor holds jointly with other persons, may not be attached for his individual debt. — =■ This has been too often practised to be now questioned as-a general rule ; and it is equally well settled that partner- *481 ab)p property is liable to be taken in execution upon a judgment obtained against one of the copartners. (See 2 Bos. & Pull. 288. 2 Dallas, 278. Salk. 392. 1 East. 367. 15 Johnson, 180. ) In the case oí Hayden vs. Hayden, (1 Salk. 392,) the court says, in such cases, the sheriff is to seize all and sell a moiety, and the vendee becomes tenant in common with the oilier copartner. In this respect, the copartnership property is like any other1 joint property, &c. But it is said, that as thp proper creditors of the copartners have a preference to individual creditors in the distribution of the copartnership fund, the individual-creditors must remain suspended until it ■shall appear that there is a nett balance remaining after the pa3*ment of all the copartnership creditors ; but assuredly while there is no contest between these classes of creditors, expressly laid before the court, we cannot deny to the plaintiffs the rigid of attaching any' vested interest, joint or several, belonging to their debtors. It is enough that there is a vested interest, and the possibility that there may be copartnership creditors who may be hereafter preferred, cannot destroy the prima facie claim of attaching, given to the individual creditors. In every case, difficulties may arise. Upon property held in severalty, joint-tenancy or in common, there may he mortgages or other liens which may finall}' render the attachment fruitless ; hut until these appear specifically, we cannot foresee their effect, and therefore cannot regard them. For instance, take the case of one of several distributees of an intestates estate. The estate may be variously incumbered ; but the apprehension of incumbrances cannot destroy the right to attach, although should an}r such appear, the attachment will not have destroyed their prior liens. In this respect, I can perceive no difference between such an estate vested in distributees and a joint interest held by copartners. Both are joint estates, and may be respectively incumbered, and are equally liable to certain peculiar creditors in preference to others. But until theses appear, £í de non apparentihus el de non existentibus eadem est lex,” .is *482 the rule; an'd even when they do appear as there' may he & residuum, it does not follow that the attaching creditor is: to be estopped. Wherever there is an interest in his debtor, he may lay his attachment upon it, though finally it may be exhausted by prior claims. An estate may be mortgaged for thrice its value, but being still in the debt- or, it stands in lieu of his person and is subject to attachment, notwithstanding, that when marshalled, the attaching creditor may find nothing for his share. It is urged, secondly, that by'the order of the Court in Kentucky, the copartnership funds have been placed in the hands of J. P. Schctlzill, one of the copartners. But .this order sprang out of a suit between the copartners themselves, and is simply an arrangement for the purpose of settling, finally, the affairs of the concern.' It places the assets in the hands of one instead of four copartners, which is convenient and safebut it alters no right to, or claim upon' the funds. Even considering the order of the court as an assignment of the assets generally, yet it could not create a lien upon the fund discovered in this state, in derogation of the rights of creditors, who, by our laws, have acquired a specific lien upon the fund here attached. Even then, Schatzill, the receiver, could not he in a better situation than the assignees of a foreign bankrupt, who would claim by virtue of the assignment, the rights and interests of the bankrupt in this state. And in the well considered case ofthe assignees of Top ham vs. Chapman and others, (I Constitutional Rep. 283,) this court decided that the specific lien acquired here by Chapman and other attaching creditors, though subsequent to the bankruptcy of Topham, was nevertheless paramount to the general right of the assignees of the bankrupt. But I cannot admit that, the appointment of a receiver in Kentucky, amounts to an assignment of the copartnership funds. That proceeding merely substitutes one of the copartners in the place of all,, in order to settle with great facility, complicated, transactions. , It was very properly ordered, at the request of the copartners, and leaves the creditor in statu quo.
Hayne 4’ Grimke, for the motion.
JPetigru, Att’y Gen. contra.
The motion is therefore granted, and the defendants have leave to enter up judgment upon their demurrer.
Justices Huger and Nott, .concurred»
Mr. Justice Gantt dissented.
Simons, for the motion.
jPetigru, Att’y Gen. contra.